**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:11-CV-24599-MGC

CHEVRON CORPORATION;

    Petitioner,

To Issue Subpoenas for the Taking Of
Depositions And The Production Of
Documents

**MEMORANDUM OF LAW OF ECUADORIAN PLAINTIFFS IN SUPPORT OF
MOTION TO INTERVENE AS INTERESTED PARTIES
AND TO SET BRIEFING SCHEDULE**

                REEDER & REEDER P.A.
                L. Martin Reeder, Jr.
                Florida Bar No. 308684
                martin@reederandreeder.com
                C. Bryce Albu
                Florida Bar No. 657204
                bryce@reeederandreeder.com
                250 South Central Blvd., Suite 200
                Jupiter, FL  33458
                Telephone:  (561) 575-9750
                Facsimile:  (561) 575-9765

                SMYSER KAPLAN & VESELKA, L.L.P.
                Larry Veselka (*Pro Hac Vice* application forthcoming)
                Christina Bryan (*Pro Hac Vice* application forthcoming)
                700 Louisiana, Suite 2300
                Houston, Texas  77002
                Telephone:  (713) 221-2330
                Facsimile:  (713) 221-2320
                Email: Lveselka@skv.com
                Email:  CBryan@skv.com

                *Attorneys for Ecuadorian Plaintiffs
                as Interested Parties*

## INTRODUCTION

On December 23, 2011, Chevron Corporation ("Chevron") filed before this Court an Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery from Banco Pichincha for Use in Foreign Proceedings." (*See generally* Dkt. 1.) Specifically, Chevron sought the discovery allegedly "for use" in two proceedings: (1) the popular action captioned as *Aguinda et al. v. Chevron Corp.*, No. 2003-0002 (the "Ecuadorian Litigation") now on appeal before the Provincial Court of Justice in the Sucumbíos Province of Ecuador; and (2) an international arbitration between the Republic of Ecuador and Chevron where Chevron seeks relief, *inter alia*, in the form of an arbitral award ordering the Republic of Ecuador Executive Branch to direct Ecuador's sovereign courts to dismiss the Ecuadorian Litigation.[1] (*Id.*) The Ecuadorian Plaintiffs are adverse to Chevron in the Ecuadorian Litigation.[2]

\* \* \*

Before this Court, Chevron represents that, if allowed to take discovery related to certain bank accounts from Banco Pichincha, the company will attempt to use the discovery against the Ecuadorian Plaintiffs and "submit [the] new evidence into the record" in the Ecuadorian

---

[1] The arbitral panel has not yet determined whether it has jurisdiction to hear Chevron's claims. (*See* Declaration of Larry Veselka ("Veselka Decl."), dated January 9, 2012 (filed concurrently herewith), Ex. 1.)

[2] The named plaintiffs ("Ecuadorian Plaintiffs") in the popular action in Ecuador include:  Alfredo Payaguaje; Armando Wilmer Piaguaje Payaguaje; Beatriz Mercedes Grefa Tanguila; Bertha Yumbo Tanguila; Carlos Grega Huatatoca; Catalina Antonia Aguinda Salazar; Celia Irene Vivero Cusangua; Clide Ramiro Aguinda Aguinda; Daniel Carlos Lusitand Yaiguaje; Delfin Payaguaje; Elias Payahuaje Payahuaje; Emilio Martin Lusitande Yaguaje; Fermin Piaguaje; Francisco Matias Alvarado Yumbo; Francisco Victor Tanguila Grefa; Venancio Freddy Chimbo Grefa; Guillermo Payaguaje Lucitande; Heleodoro Pataron Guaraca; Hugo Gerardo Camacho Naranjo; Javier Piaguaje Payaguaje; Jose Gabriel Revelo Llore; Jose Miguel Ipiales Chicaiza; Lidia Alexandra Aguinda Aguinda; Lorenzo Jose Alvarado Yumbo; Lourdes Beatriz Chimbo Tanguila; Lucio Enrique Grefa Tanguila; Lucrecia Tanguila Grefa; Luis Agustin Payaguaje Piaguaje; Luis Armando Chimbo Yumbo; Luisa Delia Tanguila Narvaez; Maria Clelia Reascos Revelo; Maria Magdalena Rodriguez; Maria Victoria Aguinda Salazar; Maria Viveros Cusangua; Miguel Mario Payaguaje Payaguaje; Narcisa Tanguila Narvaez; Octavio Cordova Huanca; Olga Gloria Grefa Cerda; Patricio Alberto Chimbo Yumbo; Patricio Wilson Aguinda Aguinda; Reinaldo Lusitande Yaiguaje; Rosa Teresa Chimbo Tanguila; Angel Justino Piaguage Lucitande; Simon Lusitande Yaiguaje; Teodoro Gonzalo Piaguaje Payaguaje; Franciso Alvarado Yumbo; and Angel Amanta Milan.

Litigation. The bank accounts at issue, Chevron alleges, belong to what Chevron describes as the Ecuadorian Plaintiffs' "affiliated organization" – the Frente de Defensa de la Amazonia ("Amazon Defense Front"). Its § 1782 Application makes substantial allegations (and misstatements) accusing the Ecuadorian Plaintiffs of outright fraud: fraud in the form of what the company calls secret "collu[sion]" with an expert in the Ecuadorian Litigation, Richard Cabrera; fraud in the form of alleged payments to Cabrera outside normal court processes; fraud in the form of "'cleans[ing' the record" by submitting new court-ordered expert submissions; and fraud in "ghostwriting" the trial court's memorandum and opinion itself in the Ecuadorian Litigation. (Dkt. 4, at 2-4.)

It is fair to say, then, that the Ecuadorian Plaintiffs are *central* to this § 1782 proceeding. To respond to Chevron's meritless allegations of fraud, that multiple United States courts have already rejected. (*See infra* note 10.) To potentially assert work product or other confidentiality protections over the discovery sought. To brief to this Court the applicability of the § 1782 statutory and discretionary factors and address the international comity issues that the instant § 1782 Application raises.

However, Chevron failed to even notify the Ecuadorian Plaintiffs of the pendency of this action, although required by the Federal Rules of Civil Procedure and a substantial body of case law to serve notice. The Ecuadorian Plaintiffs learned of the pending of this proceeding only from a search of the Court's CM/ECF system. The Ecuadorian Plaintiffs therefore request that this Court allow them to intervene in the present action, order Chevron serve its pleadings on the Ecuadorian Plaintiffs, and set a briefing schedule that will allow the Ecuadorian Plaintiffs a full and fair opportunity to respond to Chevron's claims.

**ARGUMENT**

I.  **CHEVRON FAILED TO PROVIDE ANY NOTICE OF THE PENDENCY OF THIS ACTION**

   A.  **The Federal Rules of Civil Procedure and § 1782 Precedent Require Chevron to Provide Adequate Notice to the Ecuadorian Plaintiffs of the Pendency of this Proceeding**

As parties to the underlying proceeding (and the parties against whom Chevron will attempt to use evidence obtained through this proceeding), it is remarkable that the Ecuadorian Plaintiffs received *no notice* of the current action. Although Chevron does not contend that this proceeding is *ex parte*,[3] the Ecuadorian Plaintiffs only recently learned of the pendency of this proceeding through a search on the Court's Case Management/Electronic Case Files system.[4] No notice – informal or formal – was served on the Ecuadorian Plaintiffs.

Courts have repeatedly recognized the obligation of parties seeking § 1782 discovery to serve notice on other parties to the underlying foreign proceeding. *See, e.g.*, *In re Merck & Co., Inc.* 197 F.R.D. 267, 270-71 (M.D.N.C. 2000) ("*Ex parte* Section 1782 discovery orders can result in unfairness. In *In re Letters Rogatory from Tokyo*, the party obtained an *ex parte* Section 1782 order, and did not notify the other parties to the litigation, resulting in defective discovery, unfairness, and perhaps, irreparable damage to those other parties." (citing *In re Letters Rogatory from Tokyo District Prosecutor's Office*, 16 F.3d 16 1016 (9th Cir. 1994)). This is because a § 1782 discovery application necessarily requires the district court to consider issues involving complex international comity, *i.e.*, "[t]he record must be developed" and the factors specified in

---

[3] Chevron apparently both mailed pleadings to Banco Pichincha and issued a Summons directed to the bank. (Dkts. 7,12.)

[4] Neither Chevron nor the Respondent, Banco Pichincha, provided any notice of the pendency of this action to the Ecuadorian Plaintiffs. Chevron's Certificate of Service in this action does not even indicate that notice of this action was provided to the party who allegedly maintains the bank accounts at issue. (Dkt. 7.)

3

*Intel Corp. v. Advanced Micro Devices Inc.*[5] "and perhaps others, should be weighed before determining if, and to what extent, [a] court should authorize discovery under 28 U.S.C. § 1782." *In re Anglin*, No. 7:09CV5011, 2009 WL 4739481, at *2 (D. Neb. 2009) (ordering §1782 applicant to notify parties in underlying foreign proceedings and setting briefing schedule).

The Federal Rules of Civil Procedure apply to 28 U.S.C. § 1782. *See* 28 U.S.C. § 1782(a). Rule 5 states that "[u]less these rules provide otherwise, each of the following papers must be served on every party[,] [including] . . . a written motion, except one that may be heard ex parte." *See* Fed. R. Civ. P. 5(a)(1)(D).[6] As one § 1782 court has noted, Rule 5 requires that "unless a § 1782 motion is *ex parte*, service of notice must be given to all parties." *In re Beluga Shipping GMBH & Co.*, No. C-10-80034 JW, 2010 WL 3749279, at *4-5 (N.D. Cal. Sept. 23, 2010). Because this action was not brought *ex parte*, Chevron should have been provided the Ecuadorian Plaintiffs – parties to the underlying proceeding – notice of this action at the time it was first filed on December 23, 2011.

> **B.    Chevron's Failure to Notify the Ecuadorian Plaintiffs of the Pendency of This Proceeding Was in Bad Faith and Calculated to Deprive the Ecuadorian Plaintiffs of the Opportunity to Oppose the Application**

Chevron is a sophisticated party: the company has initiated no less than ***twenty-three*** § 1782 actions across the United States purportedly in aid of the proceedings in Ecuador.[7] Chevron knows of the identities, location, and existence of United States and Ecuador counsel to the Ecuadorian Plaintiffs – the company has served notice to the Ecuadorian Plaintiffs of other

---

[5] 542 U.S. 241, 247 (June 21, 2004).

[6] The Southern District of Florida's Local Rules also make plain the obligations of a party seeking discovery "consult[] *with all parties who may be affected by the relief sought* and with the non-party recipient of the subpoena." Local Rule 26. 1, cmt. 2001 (governing "Discovery and Discovery Material").

[7] A complete list of known § 1782 actions that Chevron has initiated in aid of the Ecuadorian proceedings is set forth in the accompanying declaration of Larry Veselka which is being concurrently filed with this memorandum of law. (*See* Veselka Decl., at ¶ 2.)

§ 1782 actions. (*See, e.g.* Veselka Decl., Exs. 2-10 (certificates of service in other § 1782 proceedings, serving notice of pending § 1782 applications on U.S. attorneys for the Ecuadorian Plaintiffs).) In fact, Chevron has even brought suit in the Southern District of New York against a number of the Ecuadorian Plaintiffs' attorneys. (Dkt. 4, at 10.)

The Ecuadorian Plaintiffs have regularly opposed Chevron's efforts to seek discovery – having even appealed adverse § 1782 determinations to no less than 3 circuit courts. *See, e.g.*, *In re Chevron Corp.*, 650 F.3d 276 (3d Cir. 2011) (vacating §1782 order in favor of Chevron regarding production of third party's documents and remanding for further proceedings). Chevron regularly acknowledges that it "anticipates" the Ecuadorian Plaintiffs will oppose Chevron's §1782 discovery applications. (*See, e.g.*, Veselka Decl., Ex. 12, at 4 ("Chevron anticipates that Plaintiffs will oppose this discovery."); Veselka Decl., Ex. 13, at 4 (noting same); Veselka Decl., Ex. 14 at 4 (noting same); Veselka Decl., Ex. 15 at 4 (noting same), Veselka Decl., Ex. 16, at 4 (noting same).) Chevron did not disclose this fact to the Court here. The company sought to pursue discovery here in the Southern District of Florida to use against the Ecuadorian Plaintiffs without even informing the parties of the pendency of the action.

## II. THE ECUADORIAN PLAINTIFFS MEET THE STANDARD FOR INTERVENTION

The Ecuadorian Plaintiffs have a distinct interest related to the discovery sought by Chevron, is a party to the foreign proceeding that forms the basis for the § 1782 Application (the appellate proceedings in the Ecuadorian Litigation), and submits that there is currently no party to the present proceeding that can adequately represent the Ecuadorian Plaintiffs' interests.[8]

---

[8] Chevron premises its §1782 Application, in part, on the Ecuadorian appellate proceeding. (*See* Dkt. 4, at 23 ("Chevron must submit that evidence while the Ecuador appellate panel and Treaty Arbitration tribunal are considering the merits of Chevron's claims.").) However, Chevron did not disclose to this Court that the appellate court in Ecuador recently ruled against the company on appeal, rejecting Chevron's alligations that the Ecuadorian

5

Accordingly, the Ecuadorian Plaintiffs meet the standard for intervention. *See, e.g.*, *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817-18 (9th Cir. 2001). In related § 1782 proceedings, where the Ecuadorian Plaintiffs and Republic of Ecuador have sought § 1782 discovery from third parties to use against Chevron in foreign proceedings, courts have, as a matter of course, granted Chevron's motions to intervene in the § 1782 litigation.[9] (*See, e.g.*, Veselka Decl., Exs. 17, 18.)

### III. THIS COURT SHOULD SET A BRIEFING SCHEDULE TO AFFORD THE ECUADORIAN PLAINTIFFS ADEQUATE TIME TO RESPOND TO CHEVRON'S MERITLESS ALLEGATIONS

There can be no dispute that "fraud is a serious allegation that is not be made lightly." *Jade Marine, Inc. v. Detroit Diesel Corp.*, No. 02-2907, 2002 WL 31886726, at *3 (E.D. La. Dec. 20, 2002). Chevron alleges here that the Ecuadorian Plaintiffs: "colluded" with an expert in the Ecuadorian Litigation, Richard Cabrera; made alleged payments to Cabrera outside normal court processes; "'cleansed' the record" by submitting new court-ordered expert submissions; and even "ghostwrote" the trial judge's order in the Ecuadorian Litigation which was adverse to Chevron. (Dkt. 4, at 2-4.) These claims of fraud are unproven, are the subject of a stayed proceeding in the Southern District of New York, and have been outright denied by two of the Ecuadorian Plaintiffs who appeared in the New York proceeding. (Veselka Decl., Ex. 22.) As to this Court's evaluation of work product or other confidentiality claims and Chevron's assertion of the crime-fraud exception, (Dkt. 4, at 18), it is worth noting here that courts across the country have routinely declined to apply the crime-fraud exception or have outright rejected Chevron's

---

trial court judgment was "secretly ghostwritten." (*See* Veselka Decl., Ex. 19, at 10 (holding that "a careful review show[ed] that the information which the lower court used as a basis for its ruling is found in the case file").)

[9] Indeed, when the Republic of Ecuador brought a § 1782 action against two third-parties in the Northern District of Florida in aid of the arbitration proceeding Chevron (which was given notice of the pleadings at the outset of the § 1782 action by the Republic of Ecuador) sought to intervene and noted that "Chevron claims a distinct interest related to the discovery sought by Applications . . . and submits that there is currently no party to the present proceeding that can adequately represent Chevron's interests." (Veselka Decl., Ex. 20 at 2-3; Ex. 21, 1-2.)

strained theories of fraud.[10] The Ecuadorian Plaintiffs should be permitted a full opportunity to apprise this Court of substantial misstatements and mischaracterizations made by Chevron in the company's § 1782 Application that will certainly impact the Court's evaluation of the § 1782 statutory and discretionary factors. In short, the Ecuadorian Plaintiffs should be permitted the opportunity by this Court to fully respond to the meritless allegations made by Chevron in its initial pleading papers.

In short, this Court should afford the Ecuadorian Plaintiffs what Chevron elected not to afford –a full and fair opportunity to review the pleadings and respond to Chevron's allegations and argument.

---

[10] *See Chevron Corp. v. Bonifaz,* No. 3:10-mc-30022-MAP, 2010 WL 5437234, at *11 (D. Mass. Dec. 22, 2010) ("To the extent Chevron . . . assert[s] that the crime-fraud exception should overcome any privilege, the court finds that they have not met their heavy burden in establishing that narrow exception. More particularly, the court concludes that the applicants have not made a *prima facie* showing that Bonifaz's assistance was sought by the Ecuador Plaintiffs in furtherance of a crime or fraud. *In this regard, the court notes that several other district courts have expressly denied the applicants' requests to invoke the crime-fraud exception with respect to other respondents*." (emphasis added)); *Chevron Corp. v. Shefftz*, No. 10-mc-10352-JLT, Dkt. 45 (D. Mass. Dec. 7, 2010) ("[Chevron] has not shown Respondent engaged in or intended any criminal or fraudulent activity [nor has Chevron] pointed to any evidence that would provide a reasonable basis to believe that this particular Respondent used any lawyer's services to foster a crime or a fraud."); *Chevron Corp. v. Allen*, No. 2:10-mc-00091, Dkt. 38, Order at 13 (D. Vt. Dec. 2, 2010) ("Having reviewed the materials [submitted for *in camera* review], the Court is satisfied that no evidence of fraud, false pretenses or undue influence appears . . . ."); *Chevron Corp. v. Wray*, No. 10-mc-00371, Dkt. 78, Order at 20-21 (D.D.C. Nov. 30, 2010) (noting "the Court [will not] opine on the merits of Applicants' proffered 'crime-fraud exception' argument based on the record created by the parties" and citing case law "deferring to Ecuadorian courts to adjudicate allegations concerning crime-fraud").); *Chevron Corp. v. Barnthouse*, No. 1:10-mc-00053, Dkt. 36, Order at 21 (S.D. Ohio Nov. 26, 2010) ("Chevron has presented no evidence or facts from which the Court could reasonably conclude that Mr. Barnthouse had any knowledge of the allegedly fraudulent nature of the Cabrera Report, or that he participated in any ongoing fraud by relying on the Cabrera Report knowing it to be fraudulent or on any other documents or information. . . . Therefore, the crime-fraud exception does not apply in this case."); *Chevron Corp. v. Stratus*, No. 1:10-cv-00047, Dkt. 262, Order at 9 (D. Colo. Oct. 1, 2010) ("[T]he Court intends to avoid any analysis of the merits of the underlying litigation, including whether Petitioner contaminated the Ecuadorian Amazon as argued by Plaintiffs or whether Mr. Cabrera defrauded the Ecuadorian court, as averred by Petitioner. . . . The Court, in this order, restricts its adjudication to the legal issues of privilege in this discovery proceeding, without intruding into the merits that are committed to the jurisdiction of the Ecuadorian trial court."); *Chevron Corp. v. Quarles*, No. 3:10-cv-00686, Dkt. 108, Order at 2 (M.D. Tenn. Sept. 21, 2010) (addressing alleged Cabrera report fraud: "While fraud on any court is a serious accusation that must be investigated, it is not within the power of this court to do so, any more than a court in Ecuador should be used to investigate fraud on this court.").) By contrast, at least one crime-fraud determination was reversed by the United States Court of Appeals for the Third Circuit. *See In re Application of Chevron Corp.*, No. 10-2815, 2011 WL 322380 (3d Cir. Feb. 3, 2011).

## CONCLUSION

The Ecuadorian Plaintiffs respectfully request that this Court issue an order permitting the Ecuadorian Plaintiffs to intervene in the above-captioned proceeding, order Chevron Corporation serve copies of the pleadings on the Ecuadorian Plaintiffs, and finally to set a briefing schedule to permit the Ecuadorian Plaintiffs to fully respond to Chevron's false allegations of fraudulent conduct and the merits of its Application for discovery in aid of the underlying proceedings.

Houston, Texas
Dated: January 9, 2011

Respectfully submitted,

By: __/s/_ L. Martin Reeder, Jr._____

REEDER & REEDER P.A.
L. Martin Reeder, Jr.
Florida Bar No. 308684
martin@reederandreeder.com
C. Bryce Albu
Florida Bar No. 657204
bryce@reeederandreeder.com
250 South Central Blvd., Suite 200
Jupiter, FL  33458
Telephone:  (561) 575-9750
Facsimile:  (561) 575-9765

*Attorneys for Ecuadorian Plaintiffs*
*as Interested Parties*

*Of counsel:*

SMYSER KAPLAN & VESELKA, L.L.P.
Larry Veselka, Texas State Bar No. 20555400
(*Pro Hac Vice* Application to be filed)
Christina Bryan, Texas State Bar No. 03264000
(*Pro Hac Vice* Application to be filed)
700 Louisiana, Suite 2300
Houston, Texas  77002
Telephone:  (713) 221-2330
Facsimile:  (713) 221-2320
Email: LVeslka@skv.com
Email:  CBryan@skv.com

9