**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:11-CV-24599-MGC

Referred to Magistrate Judge William C. Turnoff by Jan. 11, 2012 Order (D.E. 16)

CHEVRON CORPORATION

      Petitioner,

To Issue Subpoenas For the Taking of Depositions And the Production of Documents

**ECUADORIAN PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE THE
DECLARATIONS OF PABLO FAJARDO AND JUAN PABLO SAENZ**

REEDER & REEDER P.A.
L. Martin Reeder, Jr.
Florida Bar No. 308684
martin@reederandreeder.com
C. Bryce Albu
Florida Bar No. 657204
Bryce@reederandreeder.com
250 South Central Blvd., Suite 200
Jupiter, FL 33458
Telephone: (561) 575-9750
Facsimile: (561) 575-9765

SMYSER KAPLAN & VESELKA, L.L.P.
Larry R. Veselka (*pro hac vice* application forthcoming)
LVeselka@skv.com
Christina A. Bryan (*pro hac vice* application forthcoming)
CBryan@skv.com
700 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 221-2300
Facsimile: (713) 221-2320

*Attorneys for Ecuadorian Plaintiffs as Interested Parties*

356537.1

The Intervenor Ecuadorian Plaintiffs[1] respectfully submit this opposition to Chevron's motion to strike the Declarations of Pablo Fajardo and Juan Pablo Saenz.  Recognizing the Court's stated inclination to let most tendered information into the record, Intervenors respond not to belabor the point but merely to state their opposition for the record.  The Court should deny the motion to strike.

Chevron moves to strike two declarations that were submitted with the Ecuadorian Plaintiffs' response.  The basis for the motion is that Chevron feels that the declarations should be stricken because Chevron did not get to take the depositions of the declarants.  Thus, Chevron argues it is entitled to take discovery in aid of a 1782 Petition to take discovery.  There is no basis in the statute or the rule to permit this "discovery in order to take discovery."  The result of granting Chevron's request would be that by filing a request for 1782 discovery, a party would obtain discovery prior to the court ruling the party was entitled to 1782 discovery.

Chevron demanded the depositions of Pablo Fajardo and Juan Pablo Saenz, two citizens and residents of Ecuador, by sending notices of the depositions to United States attorneys who do not represent or control either man.  Neither man is a party in this proceeding.  Chevron failed to serve the purported notices of deposition on Fajardo or Saenz using any method authorized by the Federal Rules of Civil Procedure.

---

[1] The named plaintiffs ("Ecuadorian Plaintiffs") include:  Alfredo Payaguaje; Armando Wilmer Piaguaje Payaguaje; Beatriz Mercedes Grefa Tanguila; Bertha Yumbo Tanguila; Carlos Grega Huatatoca; Catalina Antonia Aguinda Salazar; Celia Irene Vivero Cusangua; Clide Ramiro Aguinda Aguinda; Daniel Carlos Lusitand Yaiguaje; Delfin Payaguaje; Elias Payahuaje Payahuaje; Emilio Martin Lusitande Yaguaje; Fermin Piaguaje; Francisco Matias Alvarado Yumbo; Francisco Victor Tanguila Grefa; Venancio Freddy Chimbo Grefa; Guillermo Payaguaje Lucitande; Heleodoro Pataron Guaraca; Hugo Gerardo Camacho Naranjo; Javier Piaguaje Payaguaje; Jose Gabriel Revelo Llore; Jose Miguel Ipiales Chicaiza; Lidia Alexandra Aguinda Aguinda; Lorenzo Jose Alvarado Yumbo; Lourdes Beatriz Chimbo Tanguila; Lucio Enrique Grefa Tanguila; Lucrecia Tanguila Grefa; Luis Agustin Payaguaje Piaguaje; Luis Armando Chimbo Yumbo; Luisa Delia Tanguila Narvaez; Maria Clelia Reascos Revelo; Maria Magdalena Rodriguez; Maria Victoria Aguinda Salazar; Maria Viveros Cusangua; Miguel Mario Payaguaje Payaguaje; Narcisa Tanguila Narvaez; Octavio Cordova Huanca; Olga Gloria Grefa Cerda; Patricio Alberto Chimbo Yumbo; Patricio Wilson Aguinda Aguinda; Reinaldo Lusitande Yaiguaje; Rosa Teresa Chimbo Tanguila; Angel Justino Piaguage Lucitande; Simon Lusitande Yaiguaje; Teodoro Gonzalo Piaguaje Payaguaje; Franciso Alvarado Yumbo; and Angel Amanta Milan.

- 2 -

First, the Rules do not authorize Chevron to take depositions in support of its 28 U.S.C. § 1782 action. Chevron slides past the fact that it demanded to take discovery in support of its request to take unrelated discovery. This "Russian Nesting Doll" approach to a 1782 potentially leads to one deposition after another until Chevron has obtained all of the discovery it needed in the 1782 itself. Thus, putting aside the facts that the Ecuadorian Plaintiffs do not represent Fajardo and Saenz and Chevron did not properly serve either man with a subpoena or process to compel attendance, the deposition notices themselves were improper as unauthorized. The declarations were submitted with the Ecuadorian Plaintiffs' response to demonstrate that Intervenors dispute and have previously rebutted much of the misleading material Chevron dumped into the record regarding the merits of the dispute already tried in Ecuador and potentially pending before the Court in the Southern District of New York. None of Chevron's arguments on those issues have any bearing whatsoever on the statutory and discretionary factors the Court must use when deciding the § 1782 request.

Second, the declarations in question are not new. Chevron has had the Saenz declaration since February 2011, when it was filed in the Southern District of New York. Similarly, Chevron received the Fajardo declaration after it was filed in August 2010 in the District of Colorado. Chevron has had ample opportunity to seek depositions from Fajardo or Saenz in the proceedings in Ecuador or elsewhere but has not done so in a manner procedurally proper.[2]

Third, Chevron's cases do not support its motion. None of the cases involved requests for depositions in a 1782 application. In *Palm Beach Strategic Income, LP v. 358 1276 Canada*

---

[2] Chevron does not disclose to this Court that, in the Southern District of New York litigation, the company served similar notices of deposition for the depositions of Fajardo and Saenz and that the Southern District of New York court rejected Chevron's request to compel the depositions as procedurally improper. Ex. A. Rejecting arguments virtually identical to those Chevron asserts here, the Southern District of New York found that, as is the case here, that "[t]here is no indication, [] that Chevron has served the notices of their depositions on the witnesses themselves, and none of them has appeared by counsel" and observed that in the usual case "[s]ervice of a subpoena would be necessary" to compel a deposition. *Id.* at 5.

*Inc.*, No. 08-80186-CIV, 2009 WL 7466346, at *3 (S.D. Fla. Feb. 10, 2009), a summary judgment case, the court had ordered a party-controlled witness to appear for a deposition after two depositions were cancelled.  In *Richardson v. Honda Manufacturing of Alabama, LLC,* 635 F. Supp. 2d 1261, 1264-65 & n.2 (N.D. Ala. 2009), another case involving a declaration submitted in support of a motion for summary judgment, the court granted a motion to strike only after a non-party witness violated the court's order to appear for a deposition, but the court later reinstated the declaration because it was immaterial to the summary judgment motion. Finally, the court granted a motion to strike in *Crawford v. NCB, Inc.*, No. 00 CV 6625, 2001 WL 833715, at *3, another case involving summary judgment affidavits, only after a party concealed the location of non-party witnesses and then used their testimony in support of a summary judgment motion.  This is not a summary judgment case, the Court has entered no order compelling non-parties Fajardo and Saenz to appear for deposition, and Chevron was not surprised by the use of affidavits Chevron has had in its possession for more than a year.

      The Court should therefore deny the motion to strike.

Dated: May 18, 2012        Respectfully submitted,

BY:   L. MARTIN REEDER, JR.

/s/ L. Martin Reeder, Jr.
L. Martin Reeder, Jr.
Florida Bar No. 308684
martin@reederandreeder.com
C. Bryce Albu
Florida Bar No. 657204
Bryce@reederandreeder.com
Reeder & Reeder P.A.
250 South Central Blvd., Suite 200
Jupiter, FL 33458
Telephone: (561) 575-9750
Facsimile: (561) 575-9765

LARRY R. VESELKA

/s/ Larry R. Veselka
Larry R. Veselka (*pro hac vice* application forthcoming)
Christina A. Bryan (*pro hac vice* application forthcoming)
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, Texas  77002
Telephone:  (713) 221-2300
Facsimile:  (713) 221-2320
Email: lveselka@skv.com
Email:  cbryan@skv.com

*Attorneys for Intervenors the Ecuadorian Plaintiffs*

- 4 -

356537.1

- 5 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 18, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record and parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those who are not authorized to receive electronically Notices of Electronic Filing.

                                           By:   */s/ L. Martin Reeder, Jr.*
                                                        Martin Reeder, Jr.

## SERVICE LIST

BOIES, SCHILLER & FLEXNER LLP
Stephen N. Zack
100 S.E. 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Carlos M. Sires
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: 954.356.0011
Facsimile: 954.356.0022
csires@bsfllp.com

*Of Counsel:*

GIBSON, DUNN & CRUTCHER LLP
Randy M. Mastro
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035
rmastro@gibsondunn.com

Andrea E. Neuman
3161 Michelson Drive
Irvine, CA 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

aneuman@gibsondunn.com

*Attorneys for Petitioner Chevron Corporation*

GUNSTER YOAKLEY & STEWART, P.A.
Clinton R. Losego
Allison J. Cammack
One Biscayne Tower, Suite 3400
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: 305.376.6000
Facsimile: 305.376.6010
closego@gunster.com
acammack@gunster.com

*Attorneys for Defendant Banco Pichincha, C.A., Miami Agency*

- 6 -

356537.1